UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY HO,

          Plaintiff,

   v.

MICHAEL J. ASTRUE,

          Defendant.

Case No.: 3:10-cv-01361-JCS

**ORDER TO SHOW CAUSE**

On March 31, 2010, plaintiff Amy Ho, acting pro se, filed this action seeking judicial review of the final determination of the decision of the Social Security Administration denying her application for social security benefits. On the same date, the "Procedural Order for Social Security Review Actions" of the United States District Court for the Northern District of California was filed in the Court's file for this action and served on plaintiff. Docket No. 3. That order sets forth five procedural steps pursuant to Civil Local Rule 16-5. The second step requires that Plaintiff serve and file a motion for summary judgment or for remand within 28 days of receipt of defendant's answer.[1]

On December 30, 2010, Defendant Astrue, the Social Security Commissioner, filed his answer. The administrative record was filed on January 4, 2011. Docket Nos. 11 & 13. On January 21, 2011, the parties filed a joint stipulation extending the deadline for Plaintiff to file her motion for summary judgment to April 29, 2011. Docket No. 14. That stipulation was approved by the Court on January 24, 2011. Plaintiff failed to file her motion for summary judgment by that deadline, however, and to date has not filed a motion for summary judgment.

---

[1] The parties have consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff's failure to file a motion for summary judgment may warrant dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal of action for failure to comply with an order of the court to amend complaint). Plaintiff's pro se status is not an excuse. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Lack of knowledge of the applicable rules and procedures is no excuse for failure to comply with those rules. *See Swimmer v. IRS*, 811 F.2d 1343, 1344 (9th Cir.1987).

Accordingly, plaintiff is now ordered to file her summary judgment motion or, in the alternative, an opposition to the motion for summary judgment that has been filed by Defendant, on or before November 16, 2012 or show cause why the Court should not dismiss this action for failure to prosecute pursuant to Rule 41(b). Should Plaintiff fail to respond to this order by the deadline set herein, the matter will be dismissed.

IT IS SO ORDERED.

Dated: October 22, 2012

_____
Joseph C. Spero
United States Magistrate Judge